1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | LAURIN CARLVIN,                              CV F   05-0595 REC SMS HC

10  |                              Petitioner,     ORDER TO SHOW CAUSE WHY PETITION
                                                 SHOULD NOT BE DISMISSED

11  |          v.                                  [Doc. 1]

12  |
13  | CALIFORNIA DEPT. OF CORRECTIONS,
     et. al.,

14  |                              Respondents.

15  | _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus on May 3, 2005.  Rule 4 of

19  the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each

20  Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it plainly appears

21  from the face of the petition . . . that the petitioner is not entitled to relief in the district court."

22  Rule 4 of the Rules Governing  2254 Cases; see, also,  Hendricks v. Vasquez, 908 F.2d 490 (9th

23  Cir. 1990).

24                                      DISCUSSION

25  A.      Proper Respondent

26          A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

27  officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

28  Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

                                          1

1  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

2  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

3  incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.

4  United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

5  21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

6  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

7  probation or parole, the proper respondent is his probation or parole officer and the official in

8  charge of the parole or probation agency or state correctional agency.  Id.

9      In this case, petitioner names the California Department of Corrections and Warden of

10  Corcoran State Prison as Respondents.  Although Petitioner is currently in the custody of the

11  California Department of Corrections, the Department cannot be considered the person having

12  day-to-day control over Petitioner.  Further, Petitioner merely names the "Warden" of the prison,

13  without specifically naming the individual Warden.

14      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

15  for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,

16  1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

17  Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect

18  by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,

19  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

20  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

21  Washington, 394 F.2d 125 (9th Cir. 1968) (same).

22  B.   Exhaustion

23      A petitioner who is in state custody and wishes to collaterally challenge his conviction by

24  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

25  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

26  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

27  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

28  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

2

1    A petitioner can satisfy the exhaustion requirement by providing the highest state court
2    with a full and fair opportunity to consider each claim before presenting it to the federal court.
3    Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
4    829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
5    opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
6    factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
7    basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
8    Additionally, the petitioner must have specifically told the state court that he was raising a
9    federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
10   F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court
11   violated his due process rights "he must say so, not only in federal court but in state court."
12   Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

13   Because it is unclear what, if any, claims presented in the instant federal petition for writ
14   of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show
15   cause regarding exhaustion.

16   C.    Claims Unclear

17   On the form petition, Petitioner merely indicates that the entire nature of the trial
18   proceedings were unlawful and he is without a copy of the transcript. Petitioner is advised that in
19   order to proceed pursuant to 28 U.S.C. § 2254, he must allege a federal constitutional violation.
20   The "Rules Governing Section 2254 Cases" provide that the petition:

21
22       " . . . shall specify all the grounds for relief which are available to the petitioner
         and of which he has or by the exercise of reasonable diligence should have
         knowledge and Shall set forth in summary form the facts supporting each of the
23       grounds thus specified."

24   Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains
25   that:  " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a
26   'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in*
27   Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).

28

1    Petitioner must amend the petition to specifically allege a constitutional violation and

2    provide a brief statement of the facts in support of the claim or the petition will be subject to

3    dismissal.

4    D.    Monetary Damages

5        It is unclear from reviewing the petition whether Petitioner is attempting to seek monetary

6    damages pursuant to this petition.  To the extent Petitioner is requesting such relief, it is without

7    merit.  Monetary damages are not available to a Petitioner in a habeas action.  McCarthy v.

8    Bronson, 500 U.S. 136, ----, 111 S.Ct. 1737, 1740  (1991) (recognizing two primary categories of

9    suits brought by prisoners--applications for habeas corpus relief pursuant to 28 U.S.C. §§ 2254

10   and 2255 and actions for monetary or injunctive relief under 42 U.S.C. § 1983").

11       Based on the foregoing, it is HEREBY ORDERED that:

12   1.    Petitioner shall SHOW CAUSE why the petition should not be dismissed within

13         **THIRTY (30)** days of the date of service of this order.   Petitioner may comply

14         with this directive by filing an AMENDED PETITION which clearly and briefly

15         states the claim for relief, along with a brief statement of supporting facts,

16         indicates what claims have been exhausted, and names a proper Respondent.  The

17         amended petition should be COMPLETE, clearly and boldly titled "AMENDED

18         PETITION," reference the appropriate case number assigned above, and be an

19         original signed under penalty of perjury.  Petitioner should also note that every

20         pleading to which an amendment or supplement is permitted must be retyped and

21         filed so that it is complete in itself without reference to the prior or superseded

22         pleading.  Local Rule 15-220.

23   2.    The Clerk of Court is DIRECTED to send Petitioner a blank form petition for

24         prisoners filing pursuant to § 2254.

25       Petitioner is forewarned that his failure to comply with this order may result in a

26   Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

27   IT IS SO ORDERED.

28   **Dated:   May 24, 2005**                  **/s/ Sandra M. Snyder**

                                    4

icido3                                UNITED STATES MAGISTRATE JUDGE