IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURIN CARLVIN, | ) | 1:05-cv-00595-REC-SMS-HC |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | (Doc. 6) |
| | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Respondent. | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On May 24, 2005, the court issued an order requiring Petitioner to show cause why the petition should not be dismissed by filing an amended petition, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

   In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

1

1  court's need to manage its docket; (3) the risk of prejudice to the
2  Respondents; (4) the public policy favoring disposition of cases on
3  their merits; and, (5) the availability of less drastic
4  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
5  1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
6  finds that the public's interest in expeditiously resolving this
7  litigation and the court's interest in managing the docket weigh in
8  favor of dismissal.  The third factor, risk of prejudice to
9  Respondents, also weighs in favor of dismissal, since a presumption
10 of injury arises from the occurrence of unreasonable delay in
11 prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th
12 Cir. 1976).  The fourth factor -- public policy favoring
13 disposition of cases on their merits -- is greatly outweighed by
14 the factors in favor of dismissal discussed herein.  Finally, a
15 court's warning to a party that failure to obey the court's order
16 will result in dismissal satisfies the "consideration of
17 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
18 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's
19 order of May 24, 2005, expressly stated: "Petitioner is forewarned
20 that his failure to comply with this order may result in a
21 Recommendation that the Petition be dismissed pursuant to Local
22 Rule 11-110."  Thus, Petitioner had adequate warning that dismissal
23 could result from his noncompliance with the court's order.
24      Accordingly, the court HEREBY RECOMMENDS that the Petition is
25 DISMISSED pursuant to Local Rule 11-110.  This Report and
26 Recommendation is submitted to the United States District Court
27 Judge assigned to the case pursuant to the provisions of 28 U.S.C.
28 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for

1  the United States District Court, Eastern District of California.
2  Within **twenty (20) days** after being served with a copy, any party
3  may file written objections with the court and serve a copy on all
4  parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Replies to the
6  objections shall be served and filed within ten (10) <u>court</u> days
7  (plus three days if served by mail) after service of the
8  objections.  The Court will then review the Magistrate Judge's
9  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
10 advised that failure to file objections within the specified time
11 may waive the right to appeal the District Court's order.  <u>Martinez</u>
12 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 **Dated:   July 6, 2005**              /s/ Sandra M. Snyder
   icido3                           UNITED STATES MAGISTRATE JUDGE

3